J. S62032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM J. LEWIS, | : | No. 670 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 29, 2019,
in the Court of Common Pleas of Warren County
Criminal Division at Nos. CP-62-CR-0000066-2017,
CP-62-CR-0000067-2017, CP-62-CR-0000068-2017,
CP-62-CR-0000069-2017, CP-62-CR-0000070-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 03, 2020**

William J. Lewis appeals from the March 29, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the PCRA court opinion, are as follows:

> This case arose following appellant's confession to police on November 2, 2015, that [he] and his son had committed a series of robberies in Sugar Grove, Pennsylvania over the past several weeks.  Appellant was subsequently charged with five (5) counts of burglary, five (5) counts of criminal conspiracy to commit burglary, five (5) counts of criminal trespass, five (5) counts of theft by unlawful taking, five (5) counts of receiving stolen property, along with

three (3) counts of criminal mischief.[1] Following plea negotiations, appellant pled guilty to five (5) counts of criminal conspiracy and five (5) counts of theft by unlawful taking. The rest of the charges were **nolle prossed**. On October 6, 2017, [the trial] court sentenced appellant on each count to run consecutive for a total aggregate sentence of a minimum [of] 120 months to a maximum of 240 months, with credit for time served. Appellant's motion for reconsideration of sentence was denied on November 3, 2017.

On October 15, 2018, appellant filed his first [**pro se**] PCRA [petition] regarding docket number[s] 66, 67, and 68. Subsequently, [the PCRA] court appointed PCRA counsel on October 19, 2018, and permitted counsel to file an amended petition. On November 30, 2018, PCRA counsel filed a motion to extend time for filing an amended petition for PCRA, which the [PCRA] court granted. On January 28, 2019, PCRA counsel filed the amended petition for PCRA.

PCRA court opinion, 5/24/19 at 1-2 (bolding and italics added; extraneous capitalization omitted).

On March 29, 2019, the PCRA court denied appellant's amended petition following an evidentiary hearing. On April 26, 2019, PCRA counsel[2] filed separate, identical timely notices of appeal on appellant's behalf at CP-62-CR-0000066-2017, CP-62-CR-0000067-2017, CP-62-CR-0000068-2017, CP-62-CR-0000069-2017, and CP-62-CR-0000070-2017, listing all five docket numbers on each. On May 1, 2019, the PCRA court ordered appellant

---

[1] 18 Pa.C.S.A. §§ 3502(a), 903(a), 3503(a), 3921(a), 3925(a), and 3304(a), respectively.

[2] Alan M. Conn, Esq.

to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant failed to comply. On May 24, 2019, the PCRA court filed its Rule 1925(a) opinion, noting that appellant had failed to comply with its Rule 1925(b) order but nonetheless electing to address the ineffectiveness claims raised in his amended PCRA petition. (*See* PCRA court opinion, 5/24/19 at 3-4.)[3]

On May 21, 2019, this court issued an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Appellant filed a response, averring that *Walker* is not applicable because "the cases were heard by the same court and regards a plea that was entered on the same date." (Appellant's response to rule to show cause, 6/6/19.) This court discharged the rule to show cause, referring the issue to the merits panel. Thereafter, on January 28, 2020, the disposition of this case was stayed, pending the resolution of a number of *en banc* cases in this court concerning the proper application of *Walker* and *Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019).

Prior to consideration of the merits of this appeal, we must first address whether appellant's notices of appeal complied with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and *Walker*. In *Walker*,

---

[3] The record reflects that appellant ultimately filed a Rule 1925(b) statement on July 3, 2019, well past the 21-day deadline.

our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, appellant filed separate notices of appeal at each docket number in April 2019, and therefore, the *Walker* mandate applies. Appellant's appeals were of a single order resolving issues arising on all five docket numbers. A review of the record further demonstrates that the notices of appeal referenced all five docket numbers in their respective captions. A recent *en banc* panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. *Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa.Super. 2020) (*en banc*) (overruling the pronouncement in *Creese*, 216 A.3d at 1144, that "a notice of appeal may contain only one docket number"). Accordingly, we shall consider appellant's claim on appeal.

Appellant raises the following issue for our review:

> Was appellant's [plea] counsel[4] ineffective in representing him as he advised [appellant] to enter a plea to multiple counts of conspiracy – burglary and theft by unlawful taking, knowing that the charges did not merge, and failing to make a counter-offer involving charges of burglary to which the charges would merge?

---

[4] Appellant was represented during his guilty plea hearing by John Parroccini, Esq. (hereinafter, "plea counsel").

Appellant's brief at 4 (extraneous capitalization omitted).

Preliminarily, we must address the timeliness of appellant's Rule 1925(b) statement, which was filed long after the expiration of the 21-day filing period. Generally, "a complete failure to file, or failure to timely file, a Rule 1925(b) statement results in waiver of the issues." *Commonwealth v. Thompson*, 39 A.3d 335, 341 (Pa.Super. 2012) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii). As noted, the PCRA court ordered appellant to file a Rule 1925(b) concise statement within 21 days of the date of its May 1, 2019 order, or by May 22, 2019. Appellant, in turn, filed his Rule 1925(b) on July 3, 2019, raising the following infectiveness claims:

> 5. At the [PCRA] hearing, [appellant] testified that he only spoke with [plea counsel] briefly before entering a plea and lacked full knowledge of the consequences of the plea.
>
> . . . .
>
> 8. [Plea counsel] did not notify [a]ppellant that the charges did not merge.
>
> 9. [Plea counsel] did not make a counter-offer to attempt to have [appellant] plea[] to burglary rather than conspiracy – burglary.
>
> 10. [Plea counsel] was therefore ineffective in representing [appellant].

Rule 1925(b) statement, 7/3/19 at ¶¶ 5, 8-10 (citations and extraneous capitalization omitted).

The record contains no indication that appellant sought, or that the PCRA court granted, an extension of time for filing. However, the PCRA court's Rule 1925(a) opinion addresses the sum and substance of appellant's ineffectiveness claims as raised in his amended PCRA petition and at the March 29, 2019 evidentiary hearing. (**See** PCRA court opinion, 5/24/19 at 4-6.) Accordingly, we may consider the merit of appellant's appeal. **See Commonwealth v. Burton**, 973 A.2d 428, 432-434 (Pa.Super. 2009) (holding that, while the failure to file a timely court-ordered Rule 1925(b) statement is **per se** ineffectiveness of counsel, remand is not necessary and we can address the merits of the appeal where the court prepared a Rule 1925(a) opinion addressing the issues raised).

Our standard of review of an order dismissing a petition under the PCRA is "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

The crux of appellant's claim is that plea counsel was ineffective for advising him to plead guilty to five counts each of criminal conspiracy and theft by unlawful taking, which did not merge for sentencing purposes, and that this advice induced him to enter an unknowing and involuntary plea. (Rule 1925(b) statement, 7/3/19 at ¶ 5; *see also* amended PCRA petition, 1/28/19.) Appellant avers that plea counsel should have made a counter-offer to the Commonwealth for burglary and theft by unlawful taking, as these charges – unlike criminal conspiracy and theft by unlawful taking – would have merged for sentencing purposes. (Appellant's brief 8-9.) For the following reasons, we disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and as applied in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

> The *Pierce* test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the

> outcome of the proceedings would have been different.

***Id.***, citing ***Pierce***, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. ***See Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Upon review, we find that appellant's ineffectiveness claim fails because he failed to satisfy the first prong of the ***Pierce*** test; namely, that the underlying legal claim was of arguable merit. ***See Simpson***, 66 A.3d at 260.

It is well settled that allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017). This court has explained that in order to ensure a voluntary, knowing, and intelligent plea, the trial court, at a minimum, must ask the following questions during the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Zeigler*, 112 A.3d 656, 660 (Pa.Super. 2015) (citation omitted). "A defendant is bound by the statements which he makes during his plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea." *Orlando*, 156 A.3d at 1281 (citations and internal quotation marks omitted).

Instantly, appellant's claim that he was induced to plead guilty because of plea counsel's purported ineffectiveness is belied by the record. On September 7, 2017, the trial court conducted an extensive guilty plea colloquy, wherein appellant indicated that he understood his right to a jury trial and the fact that he is presumed innocent until found guilty. (Notes of testimony, 9/7/17 at 4-8.) Appellant also indicated that he could read and

write English proficiently, was not under the influence of drugs or alcohol, and was not undergoing treatment for mental illness. (*Id.* at 10-11.) Appellant was also provided a factual basis for his guilty plea and was informed of the elements of the offenses to which he was pleading guilty, as well as the permissible ranges of sentences for each charge. (*Id.* at 13-25.) Appellant acknowledged that he understood the nature of the charges to which he was pleading guilty. (*Id.*) Appellant further indicated that was entering a guilty plea of his own free will and understood that the trial court was not bound by the terms of the plea agreement unless it decided to accept such agreement. (*Id.* at 11-2, 27.) Additionally, appellant testified that he discussed his case with plea counsel, that no one had threatened, forced, or induced him to plead guilty, and that he was satisfied with plea counsel's representation. (*Id.* at 12-13.) Based on the foregoing, we conclude that appellant's claim that plea counsel's advice induced him to enter an unknowing and involuntary plea is devoid of arguable merit, and his ineffectiveness claim must fail. *See Ligons*, 971 A.2d at 1146.

Furthermore, we agree with the PCRA court's rationale that, contrary to appellant's contention, plea counsel had no reasonable strategic basis to make a counter-offer to the Commonwealth. *See Simpson*, 66 A.3d at 260. As the PCRA explained in its opinion:

> Testimony presented at the PCRA hearing was uncontradicted that no such alternative plea offer was made by the Commonwealth but only the offer to the five (5) conspiracy to commit burglary [counts] and

> five (5) theft counts were offered. [The Assistant District Attorney ("ADA")] stated in his testimony that the only plea offer made to [plea counsel] was to conspiracy. Specifically, [the ADA] wanted [a]ppellant to plea to conspiracy due to the pending charges against his co-defendant. [Plea counsel] also affirmed this was the only offer during his testimony. Additionally, [plea counsel] noted the Commonwealth would not have offered anything else in this case.
>
> Furthermore, [plea counsel] acknowledged that he fully advised [a]ppellant of the plea, along with the maximums and sentencing guidelines. No evidence was presented at the hearing that any other offers were provided.
>
> . . . .
>
> [Plea c]ounsel cannot be found to be ineffective for failure to inform [a]ppellant of a plea that was never offered or presented to him. Furthermore, [plea c]ounsel cannot be held ineffective for failing to negotiate offers further when the Commonwealth made clear the plea was a "take it or leave it."

PCRA court opinion, 5/24/19 at 5-6 (extraneous capitalization omitted).

This court has long recognized that "[t]he law does not require that [appellant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made[,]" as was the case here. **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010) (citation omitted), **appeal denied**, 9 A.3d 626 (Pa. 2010). Accordingly, we affirm the PCRA court's March 29, 2019 order dismissing appellant's PCRA petition.

Order affirmed.

J. S62032/19

Judgment Entered.

Joseph  D. Seletyn, Esq.
Prothonotary


Date: 12/3/2020